UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

<u>InvestmentSignals, LLC</u>,
    Plaintiff

    v.                              Case No. 10-cv-600-SM
                                      Opinion No. 2011 DNH 124
<u>Irrisoft, Inc.</u>,
    Defendant

**<u>O R D E R</u>**

The parties to this patent litigation are well-known to each other.  For nearly a decade, InvestmentSignals has been asserting that Irrisoft infringes its patents, and both parties are intimately familiar with the two patents at issue here, the allegedly infringing products manufactured by Irrisoft, and Irrisoft's defenses to the claimed infringement (i.e., non-infringement, invalidity, and non-enforceability).  Because they have been at this for some time, each has made its views and legal positions quite clear to the other.  <u>See, e.g.</u>, Petition for Declaratory Judgment filed by Irrisoft in the United States District Court for the Central District of Utah (document no. <u>22-2</u>), at 6-12.

Given that history, it is odd that InvestmentSignals filed a motion that only a lawyer can love — one to dismiss all of Irrisoft's counterclaims and affirmative defenses because they

are "so conclusory that they do not provide InvestmentSignals fair notice as to the nature of their claims." Plaintiff's memorandum (document no. 19) at 1. It is odd, as well, because InvestmentSignals has pleaded its own patent infringement claims with no greater specificity than the challenged (and allegedly insufficient) counterclaims advanced by Irrisoft. InvestmentSignals must think different pleading standards apply to its claims than apply to Irrisoft's counterclaims. In any event, InvestmentSignals' motion is denied.

## Discussion

Although captioned a "motion to dismiss," InvestmentSignals' motion is actually broader than that. While InvestmentSignals does not use the applicable term, it actually seeks an order <u>dismissing</u> Irrisoft's counter-claims, and <u>striking</u> its affirmative defense. The former is governed by Rule 12(b)(6) of the Federal Rules of Civil Procedure, while the latter is governed by Rule 12(f).[1]

---

[1] As an aside, the court notes that motions to strike under Rule 12(f) are "disfavored" and rarely granted. See <u>Boreri v. Fiat S.p.A.</u>, 763 F.2d 17, 23 (1st Cir. 1985). See generally 5C Charles Alan Wright & Arthur R. Miller, <u>Federal Practice & Procedure</u> § 1381, at 421-22 (3d ed. 2004) ("Motions to strike a defense as insufficient are not favored by the federal courts because of their somewhat dilatory and often harassing character. Thus even when technically appropriate and well-founded, Rule 12(f) motions often are not granted in the absence of a showing of prejudice to the moving party.").

Additionally, the legal sufficiency of a counterclaim is measured by a different standard than that used to assess the sufficiency of an affirmative defense. Rule 8(a), which applies to claims, counterclaims, and cross-claims, requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(c), on the other hand, merely requires a party to "affirmatively state any avoidance or affirmative defense." See also Fed. R. Civ. P. App. Form 30 (stating that an affirmative defense is adequately pled if it simply asserts, for example, that "[t]he complaint fails to state a claim upon which relief can be granted.").

In short, and contrary to InvestmentSignals' suggestion, the sufficiency of Irrisoft's counterclaims is measured by one standard, while the sufficiency of its affirmative defenses is measured by a different standard.

  A.   Irrisoft's Counterclaims.

Although this is a patent dispute, because InvestmentSignals' motion is procedural in character, it is governed by the law of the First Circuit, rather than the Federal Circuit. See McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1355-56 (Fed. Cir. 2007). The court of appeals for this circuit has yet to address the specific question posed by plaintiff's motion: Whether the

3

Supreme Court's recent opinions clarifying the pleading requirements imposed by Rule 8(a)[2] have altered the traditionally accepted means of pleading patent claims and counterclaims?  See generally Fed. R. Civ. P. App. Form 18 (setting forth the form for pleading a patent infringement claim).  See also Fed. R. Civ. P. 84 ("The forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate.").  While several district courts have considered the question, there is a decided lack of agreement as to the correct answer.  See, e.g., Tyco Fire Products, LP v. Victaulic Co., __ F. Supp. 2d __, 2011 WL 1399847 (E.D. Pa. April 12, 2011) (collecting cases).

Having considered the issue, the court concludes that the better-reasoned view holds that as long as patent claims and counterclaims meet the minimal pleading standards modeled in Form 18, they adequately state viable causes of action.

> This Court agrees with the Federal Circuit and those district courts that have held that a party alleging direct infringement need only comply with Form 18.  A patentee "need only plead facts sufficient to place the alleged infringer on notice as to what he must defend." McZeal, 501 F.3d at 1357.  This Court additionally reasons that minimal pleading of direct infringement is sufficient because this Court requires the prompt filing of infringement contentions, which put the party

---

[2]   See Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007); Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009).

4

>   accused of infringement on detailed notice of the basis
>   for the allegations against it.  Correspondingly, the
>   Court finds that a declaratory judgment claim of no
>   direct infringement need only plead facts to put the
>   patentee on notice and need not be subject to the
>   heightened pleading standards of Twombly and Iqbal.
>
>   With respect to invalidity counterclaims, the Court
>   agrees with other district courts that it would be
>   incongruous to require heightened pleading when the
>   pleading standard for infringement does not require
>   facts such as "why the accused products allegedly
>   infringe" or "to specifically list the accused
>   products." Teirstein v. AGA Medical Corp., No.
>   6:08-cv-14, 2009 WL 704138, *5 (E.D.Tex. Mar. 16,
>   2009).

Microsoft Corp. v. Phoenix Solutions, Inc., 741 F. Supp. 2d 1156, 1159 (C.D. Cal. 2010).  See also Pfizer Inc. v. Apotex Inc., 726 F. Supp. 2d 921, 937-38 (2010).

As noted at the outset, InvestmentSignals has pled its claims with no greater specificity than the challenged counterclaims advanced by Irrisoft.  When confronted by a similar situation, the United States District Court for the District of New Jersey aptly noted:

>   [Plaintiff's] motion to dismiss [Defendant's]
>   counterclaims and motion to strike certain affirmative
>   defenses for lack of factual information is without a
>   sound foundation.  [Defendant's] language in its
>   counterclaims and affirmative defenses mirrors the
>   language [Plaintiff] employed in its own Complaint.
>   There is no basis for this Court to, on the one hand,
>   allow [Plaintiff] to plead as it has while, on the
>   other hand, require [Defendant], inexplicably, to
>   provide more detailed factual support for its
>   counterclaims and defenses.  The notion that

> [Defendant] must identify what theories of invalidity it intends to pursue, and the facts supporting such theories at this stage is not plausible.

Elan Pharma Intern. Ltd. v. Lupin Ltd., 2010 WL 1372316, *5 (D.N.J. March 31, 2010).

B.   Irrisoft's Affirmative Defenses.

Twombly, Iqbal, and the new "plausibility" requirement plainly provide the standard by which courts assess the sufficiency of claims and counterclaims (to the extent those opinions are not inconsistent with the forms set out in the appendix to the Federal Rules).  But, with respect to affirmative defenses, Twombly and Iqbal simply do not apply.  "An affirmative defense need not be plausible to survive; it must merely provide fair notice of the issue involved."  Tyco Fire Products, 2011 WL 1399847 at *5-6 (collecting cases).  See also N.H. Ins. Co. v. MarineMax of Ohio, Inc., 408 F. Supp. 2d 526, 529-30 (N.D. Ohio 2006); Wireless Ink Corp. v. Facebook, Inc., __ F. Supp. 2d __, 2011 WL 2089917 at *15 (S.D.N.Y. May 26, 2011).  See generally Fed. R. Civ. P. App. Form 30 ("Answer Presenting Defenses Under Rule 12(b)(6)").

## Conclusion

Each of Irrisoft's counterclaims is consistent with the pleading requirements embodied in Form 18 and contains a short

and plain statement of why Irrisoft believes it is entitled to relief.  <u>See</u> Fed. R. Civ. P. 8(a).  Similarly, each of its affirmative defenses meets the requirements of Rule 8(c) and provides InvestmentSignals with adequate notice of what defense is being interposed.  Accordingly, plaintiff's motion to dismiss (document no. 18) is denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

August 1, 2011

cc:  Steven M. Evans, Esq.
     Robert P. Greenspoon, Esq.
     Jonathan A. Lax, Esq.
     Brent P. Lorimer, Esq.
     Robert R. Lucic, Esq.
     Chad E. Nydegger, Esq.